NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 24, 2017
Decided August 15, 2017

### Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 16-1723 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| TRACIE KOLAR, *Plaintiff-Appellant,* | |
| *v.* | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, *Defendant-Appellee.* | No. 13 C 6011 Maria Valdez, *Magistrate Judge.* |

### Order

Tracie Kolar contends that she is entitled to Social Security disability benefits as a result of pain from fibromyalgia. An Administrative Law Judge concluded, after a hearing, that although her condition is serious her pain is not so great as to preclude all sedentary employment—and that Kolar, who has two years of college education and a work history of responsible sedentary jobs, could find suitable work. In this suit seeking judicial review of that decision, the parties agreed to have the dispute resolved by a magistrate judge. 28 U.S.C. §636(c). The magistrate judge ruled that the ALJ's decision is supported by substantial evidence. 2016 U.S. Dist. LEXIS 12362 (N.D. Ill. Feb. 2, 2016).

The theme of Kolar's appellate brief is summed up in its argument headings: Kolar contends that the ALJ "failed to properly evaluate the treatment notes" of one physician, "erred in discrediting the opinion" of another, and "erred in evaluating the plaintiff's subjective allegations". But we do not review the decision of an ALJ as if it were the opinion of a district court on summary judgment. The question instead is whether substantial evidence supports the ALJ's ultimate decision—that Kolar's pain is mild enough to enable her to work, as millions of other persons with chronic pain do. ALJs need not comment on every line of every physician's treatment notes, as Kolar's lawyer supposes; it is enough to recognize and respond to the physician's principal conclusions, which the ALJ did.

The conclusion that the ALJ "discredited" is a statement by one physician that Kolar is unable to engage in gainful employment. That's not a medical conclusion at all. Physicians determine a claimant's symptoms and causes, but the ALJ, here with the aid of a vocational expert, decides whether work is available for someone with those conditions.

Her ability to work depends on just how much chronic pain she suffers from. Since pain is subjective and affects people in different ways, it is difficult to determine how much pain is present and how great its effects are. Fibromyalgia can have a wide range of effects. Almost any conclusion an ALJ reaches in such situations may be inconsistent with some evidence in the record and consistent with other evidence. This is where the substantial-evidence standard of review matters. Like the district court, we conclude that substantial evidence supports the ALJ's decision.

The magistrate judge wrote a careful opinion summarizing the arguments and conclusions. We substantially agree with that analysis.

AFFIRMED